UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

DOREEN BRUSTOWICZ,

    Plaintiff,

vs.

ECONOMIC OPPORTUNITIES COUNCIL
OF INDIAN RIVER COUNTY, INC.,
a Florida corporation,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, DOREEN BRUSTOWICZ, by and through undersigned counsel, sues the Defendants, ECONOMIC OPPORTUNITIES COUNCIL OF INDIAN RIVER COUNTY, INC., (hereinafter, "Defendant"), and alleges as follows:

1. Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. That at all times material hereto, Defendant, ANGELA DAVIS-GREEN, individually, acted directly in the interests of her employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

10. The Plaintiff was hired as a non-exempt employee by the Defendants.

11. During her employment, the Defendants however had Plaintiff, a non-exempt employee under the FLSA, work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

12. Specifically, Plaintiff was employed as a cook, yet was paid on a salary basis.

13. This salary pay did not cover Plaintiff's overtime hours worked above 40 hours.

14. While Plaintiff's regular schedule was 7 am-3 pm, Monday through Friday, she was also required to stay late on Wednesday's for meetings that were approximately 2 hours long and were unpaid.

15. Additionally, Plaintiff had to work outside this schedule for parent meetings, the Health Fair (in Vero), the Clam Bake (on the weekend), and other events throughout the year.

16. All of these were unpaid as her salary remained the same of $779.00 per every two weeks, and in addition to her regular scheduled 40 hours.

17. Taking a fair average of 43 hours per week, and using her overtime rate of $14.61 per hour, Plaintiff is owed $43.83 per week.

18. From June of 2016 (three year statute of limitations) to Plaintiff's termination on December 21, 2017, over 78 weeks, Plaintiff is owed $3,418.74 in overtime.

## COUNT I
## FLSA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above.

19. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

20. By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts.

Dated: June 25, 2019.  Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920